UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| YVONNA L. MORGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | No. 1:14-cv-01341-LJM-MJD |
| CAROLYN W. COLVIN Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Yvonna L. Morgan ("Morgan") requests judicial review of the final decision of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security (the "Commissioner"), which denied Morgan's application for Disability Insurance Benefits ("DIB") under title II of the Social Security Act, 42 U.S.C. §§ 423 & 1382c.  Morgan claims that the Commission erred in her decision when, at Step V of the administrative process, the Administrative Law Judge (the "ALJ") failed to make the requisite showing that there are jobs that exist in significant numbers in the national economy that the claimant can perform, an issue upon which the Commissioner bears the burden of proof.  The Commissioner contends that the ALJ's reliance on the Vocational Expert's ("VE's") testimony that nearly 10,000 jobs existed in Indiana that Morgan could perform satisfies her burden and there was no error.

# I. BACKGROUND[1]

## A. PROCEDURAL HISTORY

On December 2, 2011, Morgan filed an application for DIB alleging that she became disabled on February 14, 2018. R a 12, 67-68. Specifically, Morgan alleged disabling symptoms associated with depression, anxiety, fibromyalgia, sleep apnea, edema, and degenerative disc disease. R. at 134. Her application was denied initially and upon reconsideration. R. at 105-06.

On May 8, 2013, Morgan appeared and testified at a hearing before an ALJ; a vocational expert also testified. R. at 26-66. On May 24, 2013, the ALJ issued a decision in which he found that Morgan was not disabled under the Social Security Act because she was able to perform a significant number of jobs in the national economy. R. at 12-21.

On July 23, 2014, the Appeals Council denied Morgan's request for review of the ALJ's decision; therefore, the ALJ's decision became the final decision of the Commissioner. R. at 1-6; 20 C.F.R. 404.981.

## B. MORGAN'S AGE, EDUCATION & WORK HISTORY

Morgan was 45 years old when the ALJ rendered his decision. R. at 21, 108. She had graduated high school and, prior to the onset of her disabilities, she worked as a food service supervisor. R. at 135.

---

[1] The relevant facts are undisputed; therefore, they are taken largely from the parties' briefs and the ALJ's opinion. Furthermore, Morgan only challenges the ALJ's decision at Step V. *See* Dkt. No. 16 at 3-4. As a result, the Court has truncated the fact section and only sets forth the facts relevant to the ALJ's decision at Step V.

## C. MEDICAL CONDITIONS & RESIDUAL FUNCTIONAL CAPACITY

The ALJ concluded that Morgan "has the following severe impairments: degenerative disc disease; osteoarthritis; spondylosis; fibromyalgia; chronic pain; sleep apnea; obesity; depression; [and] anxiety . . . ." R. at 14. Further, the ALJ concluded that Morgan

> has the residual functional capacity (RFC) to perform sedentary work, as defined in 20 C.F.R. 404.1567(a), except the claimant: needs a sit/stand at-will option remaining in the vicinity of work station; can frequently use hands bilaterally for grasping, handling, feeling and fingering; can occasionally climb ramps/stairs, balance, stoop, and kneel; can never climb ladders/ropes/scaffolds, crouch, reach overhead, or crawl; must avoid concentrated exposure to hazards including dangerous machinery and unprotected heights; is limited to simple, routine, repetitive, unskilled, 1-2 step tasks, low stress (no fast paced, high production quotas or assembly line jobs); can have no more than superficial contact with public; cannot work in teams or tandem; and can have little change in work structure.

R. at 16.

## D. VOCATIONAL EXPERT TESTIMONY

At the hearing, Jane Beougher testified as the VE. R. at 55. The ALJ asked her to consider a hypothetical individual of Morgan's age, educational experience and work history, with the RFC identified above. R. at 58-59. He then asked whether such a hypothetical individual would be able to perform any jobs in the regional or national economy on a regular and sustained basis. R. at 59. The VE answered in the affirmative stating that one would be a surveillance-system monitor, DOT number 379.367-010, with 140,000 jobs in the national economy and 1,000 in Indiana; lens inserter, DOT number 713.687-026, with 289,000 jobs in the national economy and 8,000 in Indiana; and an addresser, DOT number 209.587-010, with 91,000 in the

national economy and 900 in Indiana. *Id.* She clarified that these are merely examples of jobs that exist in the national economy that Morgan could perform. *Id.*

On cross examination, the VE testified that the DOT information for surveillance-system monitor pertained to government situations only and could not say whether or not that particular number of jobs would be less than 1,000. R. at 61. But, the VE clarified that she believed that the number for Indiana would include private surveillance-system monitor positions as well. *Id.* She further stated that the numbers of jobs in the Indiana economy to which she testified were for the entire DOT classification as set forth in the Occupation Employment Survey ("OES"), not just for that occupation. R. at 63. In addition, the VE acknowledged that not all of the occupations within a DOT classification would satisfy the ALJ's hypothetical. *Id.*

### E. THE ALJ'S DECISION BASED ON THE VE'S TESTIMONY

At Step V, the ALJ stated that "[i]f the claimant had the residual functional capacity to perform the full range of sedentary work, a finding of 'not disabled' would be directed by Medical-Vocational rule 201.28." R. at 20. But, the ALJ concluded that Morgan had additional limitations and turned to the VE for testimony regarding the availability of jobs in that Morgan could perform with a more limited capacity. *Id.* The ALJ summarized the VE's testimony as follows:

> The vocation expert testified that given all of these factors the individual would be able to perform the requirement of representative sedentary, unskilled occupations such as:
>
> (1) Surveillance system monitor, D.O.T. 379.367-101 (140,000 jobs in the U.S.; 1,000 in the region);
>
> (2) Lens inserter, D.O.T. 713.687-026 (289,000 jobs in the U.S.; 8,000 in the region); and

4

>   (3) Addressor, D.O.T. 209.587-010 (91,000 jobs in the U.S.; 900 in the region).

*Id.* The ALJ further noted that the VE's testimony was consistent with the information in the Dictionary of Occupational Titles, except with respect to the sit-stand option, which was based on her professional experience and training. *Id.* The ALJ concluded: "Based on the testimony of the vocational expert, I conclude that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." *Id.*

## II. **STANDARD**

To be eligible for DIB, a claimant must have a disability under 42 U.S.C. § 423. "Disability" means the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423 (d)(1)(A). To determine whether or not a claimant is disabled, the ALJ applies a five-step process set forth in 20 C.F.R. § 404.1520(a)(4):

   I.   If the claimant is employed in substantial gainful activity, the claimant is not disabled.

   II.  If the claimant does not have a severe medically determinable physical or mental impairment or combination of impairments that meets the duration requirement, the claimant is not disabled.

   III. If the claimant has an impairment that meets or is equal to an impairment listed in the appendix to this section and satisfies the duration requirement, the claimant is disabled.

   IV.  If the claimant can still perform the claimant's past relevant work given the claimant's residual functional capacity, the claimant is not disabled.

5

> V. If the claimant can perform other work given the claimant's residual functional capacity, age, education, and experience, the claimant is not disabled.

The burden of proof is on the claimant for the first four steps, but then it shifts to the Commissioner at the fifth step. *See Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992).

The Social Security Act, specifically 42 U.S.C. § 405(g), provides for judicial review of the Commissioner's denial of benefits. When the Appeals Council denies review of the ALJ's findings, the ALJ's findings become findings of the Commissioner. *See Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008); *Hendersen v. Apfel*, 179 F.3d 507, 512 (7th Cir. 1999). This Court will sustain the ALJ's findings if they are supported by substantial evidence. 42 U.S.C. § 405(g); *Craft*, 539 F.3d at 673; *Nelson v. Apfel*, 131 F.3d 1228, 1234 (7th Cir. 1999). "Substantial evidence is 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Craft*, 539 F.3d at 673 (quoting *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). In reviewing the ALJ's findings, the Court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the ALJ. *Nelson*, 131 F.3d at 1234.

### III. ANALYSIS

Morgan argues that the VE's testimony that the number of jobs in Indiana in each DOT classification included jobs that Morgan could not perform, limits the usefulness of the testimony. In fact, Morgan contends that there is no evidence to support the ALJ's conclusion that there were significant jobs in the national economy that Morgan could perform because the VE never opined on the number of jobs available for each specific job. Dkt. No. 16 at 11-12. In contrast, the Commissioner asserts that the job titles that

the VE testified about were representative, not exhaustive; therefore, even if the actual number of available positions in the specific job titles referenced by the VE was lower than the 10,000 to which the she testified, the ALJ could reasonably presume that the total universe of jobs that Morgan could perform was "significant" based on the representative number. Dkt. No. 22 at 7. The Commissioner states that Morgan cites no authority for the proposition that the ALJ must identify a precise number of jobs she can perform. *Id.*

This case presents an unusual question: What is substantial evidence of "work which exists in significant number within the region where such individual lives or in several regions of the country"? 42 U.S.C. § 423(d)(2). Generally, then, the focus is on regional or state number; apparently, the national numbers would be relevant only if the ALJ concluded that the number of jobs in the local region or state was insignificant and needed to turn to data from other regions. *See*, *e.g.*, *Allino v. Colvin*, ___ F. Supp. 2d ___, Case No. 14-cv-02173-WHO, 2015 WL 1265049, at *3 (N.D. Cal. Mar. 19, 2015) (stating that if there is insufficient jobs in the region, the court could look to other regions in the national economy). Courts in the Seventh Circuit have opined on what constitutes a "significant number," and the specific numbers presented in this case meet that definition. *See*, *e.g.*, *Liskowitz v. Astrue*, 559 F.3d 736, 743 (7th Cir. 2009) (stating that as few as 174 jobs has been held to be significant and that it is well established that 1000 jobs is a significant number); *Schadenfroh v. Colvin*, Cause No. , 2014 WL 1260123, at *12 (S.D. Ind. Mar. 27, 2014) (discussing, *inter alia*, *Lee v. Sullivan*, 988 F.2d 789, 794 (7th Cir. 1993) and referencing numbers of jobs considered significant in various cases cited therein). However, Morgan's argument goes to the significance of

the VE's testimony that she has no data on the number of openings with respect to each specific job title; rather, her numbers are for a broader selection of jobs, many of which the VE admitted Morgan is not qualified to perform.  R. at 63.  The ALJ made no further inquiry himself as to the adequacy of the VE's data nor did he use other evidence to support his conclusion that Morgan could perform a significant number of jobs. Notwithstanding the fact that the ALJ specifically identified the VE's listed jobs as "representative", on this record, the Court concludes that the reasoning behind the ALJ's decision on this point is ambiguous and any attempt to quantify the number of jobs available in Indiana that Morgan can perform is based on speculation.  It is unclear how the ALJ concluded that there was a significant number of jobs when he had no idea how many of the jobs identified by the VE existed in Indiana, or in any other region of the country.  The Court does not mean to suggest that an ALJ must find a precise number of jobs that a claimant could perform; rather, the ALJ must support his or her conclusion with numbers that are reliable and based on more than speculation. For these reasons, the case must be remanded for further proceedings to determine if there are a significant number of jobs in the national economy that Morgan can perform.

## IV. **CONCLUSION**

For the reasons stated herein, the Court has concluded that Defendant Carolyn W. Colvin, Acting Commissioner of Social Security erred in her decision to deny Plaintiff Yvonna L. Morgan's application for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 423 & 1382c and **REMANDS** this matter for further proceedings pursuant to 42 U.S.C. § 405(g). The Court will enter judgment accordingly.

IT IS SO ORDERED this 2d day of September, 2015.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Timothy J. Vrana
TIMOTHY J. VRANA LLC
tim@timvrana.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov